IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01952-PAB-CBS

SONEE ADDY,

       Plaintiff,

v.

THE TIMBERS, a Residence Hotel,
PEORIA/TIMBERS JOINT VENTURE, and
SHERRON ASSOCIATES, INC.,

       Defendant.

_____

## PROTECTIVE ORDER
_____

Upon consideration of the parties' Joint Stipulated Motion for Protective Order concerning certain information and documents to be disclosed during discovery, which one or more of the parties claim constitute confidential information, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is ORDERED as follows:

1.     Any information (whether documents, electronic storage media, interrogatory responses, deposition testimony, or other form) produced or exchanged prior to or after the date of entry of this Order by any of the parties to this action or any of their attorneys in the course of this action, in pre-judgment discovery or in post-judgment proceedings or otherwise, which a party believes in good faith is of a confidential nature, specifically including, but not limited to, confidential financial information, and confidential business, technical or strategic information, may be designated as confidential, and all such information, including any copy thereof (hereinafter referred to collectively as the "Confidential Information"), shall be treated as confidential and shall

not be further disseminated except as provided in paragraph six of this Order; PROVIDED, however, that counsel for the party designating any information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and PROVIDED FURTHER that nothing in this Order shall prevent any party from challenging any designation of any information as Confidential Information.

2.      All Confidential Information produced by or obtained from any other party to this action in the course of this action in pre-judgment discovery or in post-judgment proceedings, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and post-judgment proceedings and for no other purpose.

3.      A party shall designate written material as Confidential Information by marking each page of such material with the legend "Confidential."  In the event a party determines Confidential Information may have been produced without such designation, the producing party may subsequently designate such material as Confidential Information and request the receiving party to mark each page of such material with the legend "Confidential," and thereafter such material will be treated as Confidential Information pursuant to this Protective Order.  Wherever it appears that Confidential Information will be revealed in a deposition recorded by sound, sound-and-visual or stenographic means taken after the date of this Order in pre-judgment discovery or in post-judgment proceedings, a party may provisionally designate the material on the record at the time of its disclosure as "Confidential."  Upon such designation, the portion of the deposition containing such information shall continue in the presence of only those persons to whom access has been granted under the terms of this Protective Order.  The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition that has been stated to contain Confidential Information and may furnish copies of these segregated portions, in a sealed

2

envelope, only to the deponent as required by law, to the Court, and to counsel for the parties, and marked as "Confidential."

4.      Within 20 days after receipt of the transcript of a deposition recorded by sound, sound-and-visual or stenographic means in the course of this action, in pre-judgment discovery or in post-judgment proceedings or otherwise, or such other time as counsel may mutually agree in writing, a party may designate any additional portion of the transcript as "Confidential" by sending written notice to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of the transcript. The notice shall reference this Protective Order and identify the pages or exhibits containing Confidential Information. All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the information therein and shall be governed by the terms of this Protective Order.

5.      Confidential Information shall be produced only to counsel of record in this action and to the named parties to this action, all of whom have agreed to be bound by the terms of this Order.

6.      Neither the Confidential Information nor its contents nor the transcript of a deposition recorded by sound, sound-and-visual or stenographic means in the course of this action, in pre-judgment discovery or in post-judgment proceedings or otherwise, shall be disclosed to any other person without the agreement of the party so designating the information, except that counsel may, without further agreement or Court order, disclose the Confidential Information or its contents or the transcript of a deposition recorded by sound, sound-and-visual or stenographic means in pre-judgment discovery or in post-judgment proceedings to the following persons for use solely in connection with this action, under the following conditions:

a.       attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Information under normal office procedure, who shall first be informed of this Protective Order;

b.       experts or consultants retained by the parties with respect to this action who shall first sign an undertaking stating that he or she has read a copy of this Order and agrees to be bound by its provisions, which undertaking shall be retained by counsel for the receiving party who provides such material or information to such person, and shall destroy all information subject to this Order and documents created therefrom at the conclusion of this litigation, and certify that the destruction has taken place;

c.       any person who is a party to this lawsuit or an officer, director or a manager of a party to this lawsuit;

d.       any person from whom testimony is being taken, has been taken or is reasonably expected to be taken in this action (whether in deposition, hearing, or at trial), at a reasonable time before such testimony;

e.       the Court before which this action is pending; and

f.       any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

g.       any videographers present in their official capacity at any hearing, deposition or other proceeding in this action.

7.       This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

8.       Producing or receiving materials or otherwise complying with the terms of this Order

shall not:

        a.      operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; or

        b.      prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

        c.      prejudice in any way the rights of any party to seek a Court determination regarding whether particular discovery materials should be produced; or

        d.      prejudice in any way the rights of any party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

9.      Any party wishing to use any Confidential Information or its contents or the transcript of a deposition recorded by sound, sound-and-visual or stenographic means in pre-judgment discovery or in post-judgment proceedings and designated in whole or in part Confidential in any brief, memorandum, affidavit or other paper filed with the Court shall file all such affidavit(s), exhibit(s) or other paper(s), and any portion of any brief or memorandum referring or alluding to said Confidential Information, under seal, either electronically through LexisNexis File & Serve or by enclosing the document(s), excerpt(s) or exhibit(s) in a sealed envelope, labeled with the caption of the case, a brief description of the contents and a statement that the envelope is sealed pursuant to this Order.

10.     The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom.  This Court shall retain continuing jurisdiction in order to enforce the terms of this Order.  Within thirty (30) days following

final resolution of this action (including all appeals and satisfaction of any and all judgments entered, whether before or after entry of this Protective Order), all Confidential Information and reproductions thereof produced after entry of this Protective Order shall be: either (a) returned to counsel for the party who provided the Confidential Information; or (b) destroyed, and counsel for the receiving party shall sign a certification attesting to such destruction.

11.     Any party may at any time and for any reason seek modification of this Protective Order.  This Protective Order can be modified only by written agreement of the parties or by order of this Court.  Each party reserves the right to object to any party's motion or request to modify this Protective Order.

12.     In the event a party seeking production of information (the "Requesting Party") disagrees in good faith with any designation of Confidential Information made by any other party (the "Designating Party"), the Requesting Party shall notify the Designating Party of its objection. If the parties are in good faith unable to resolve their disagreement, the Designating Party shall file a motion to allow the designation of confidential information. The Designating Party shall bear the burden of establishing that the materials are designated as Confidential Information and such designation is subsequently challenged, the material shall be treated as designated until further order of the court or agreement of the parties .

13.     Nothing contained in this Order shall preclude a producing party from using, in its regular course of business, any document or other materials it discloses or produces in this action, notwithstanding a confidentiality designation as to all or part of the document or other materials. Further, nothing in this Order shall preclude either party from using, in other litigation or proceedings involving persons or entities identified in the documents or materials containing Confidential Information, any document or other material disclosed or produced in this action,

notwithstanding a confidentiality designation as to all or part of the document or other materials. Additionally, nothing contained in this Order shall preclude any party from showing a document designated as Confidential Information to an individual who is shown on the face of the document to have prepared, reviewed or received the document prior to the commencement of this litigation.

14.     If another court, agency, entity or person subpoenas or orders production of Confidential Information that a party to this action has obtained following the date of entry of this Order, such party shall promptly notify the other parties to this action of such subpoena(s) or order(s) prior to the date of production pursuant to the subpoena(s) or orders. The responsibility of the subpoenaed party to protect the confidentiality of any documents and other materials designated as Confidential Information pursuant to this Order shall be fulfilled upon the giving of the notice referenced above.

15.     Nothing contained herein shall relieve the parties from listing any documents withheld from disclosures or production in a privilege log pursuant to C.R.C.P. 26(b)(5).

**DATED** this 22nd day of February, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge